IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Tampa)

CASE NO._____

PENN-AMERICA INSURANCE
COMPANY,

    Plaintiff,

v.

ROCK HARD CONCRETE, INC.,
COSTA HOMES, INC., HOWARD
MILLIAN and SUSAN MILLIAN,

    Defendants.
_____/

### PLAINTIFF PENN-AMERICA INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Penn-America Insurance Company ("Penn-America"), by and through its undersigned counsel and, for its Complaint for Declaratory Judgment against Defendants Rock Hard Concrete, Inc. ("Rock Hard"), Costa Homes, Inc. ("Costa"), Howard Millian, and Susan Millian, states as follows:

### PRELIMINARY STATEMENT

1. This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201 and F.R.C.P. 57, for the purpose of determining questions of actual controversy between the parties concerning commercial general liability insurance

policies (Policy No. PAV0264186, effective July 31, 2020-2021; and Policy No. PAV0324838, effective July 31, 2021-2022) (collectively, the "Policies") issued by Penn-America to Rock Hard. A true and accurate copy of Policy No. PAV0264186 is attached hereto as Exhibit A. A true and accurate copy of Policy No. PAV0324838 is attached hereto as Exhibit B.

2. Rock Hard is a Defendant in Case No. 23-007765-CI currently pending in the Circuit Corut of Pinellas County, Florida, filed against it by Costa (the "Underlying Lawsuit"). A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit C. The Underlying Lawsuit generally alleges claims for indemnification, subrogation, breach of contract, and violation of Florida building codes related to Costa's alleged liability in the Underlying Arbitration (described in Paragraph 3, below).

3. Costa is the Respondent in an American Arbitration Association matter filed against it by Susan & Howard Millian (the "Underlying Arbitration"). A true and accurate copy of the Demand for Arbitration and Statement of Claim filed in the Underlying Arbitration is attached hereto as Exhibit D. The Underlying Arbitration generally alleges claims for breach of contract and unjust enrichment stemming from allegedly significant defective construction in conjunction with the $1.2 million construction of a single-family home on the property located at 732 East Shore Drive, Oldsmar, Pinellas County, Florida, regarding which Costa served as the

general contractor. Susan & Howard Millian, the property owners, are claiming damages "in excess of $500,000.00."

4. Penn-America is currently defending Rock Hard against the Underlying Lawsuit pursuant to a complete reservation of rights.

5. Costa has tendered its defense against the Underlying Arbitration to Penn-America. Penn-America has not accepted Costa's tender.

## **JURISDICTION**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States:

    a. Penn-America's potential liability under the Policies as a result of the Underlying Lawsuit is $1 million (the Policies' indemnification limits), plus the cost of defense. *First Mercury Ins. Co. v. Excellent Computing Distribs.*, 648 Fed. Appx. 861, 865 (11th Cir. 2016)("[W]hen an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of potential liability under its policy."); *see Foremost Signature Ins. Co. v. Silverboys*, 2018 U.S. Dist. LEXIS 831, *5 (S.D. Fla. Jan. 3, 2018)(*quoting Clarendon America Ins. Co. v. Miami River Club*, 417 F. Supp.2d 1309, 1316 (S.D. Fla. 2006))("When an insurance company seeks a court's declaration that it has no duty to defend

or indemnify its insured, 'the court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying suit.'");

  b. Penn-America is a citizen of the Commonwealth of Pennsylvania, where it is incorporated, and where it has its headquarters and principal place of business;

  c. Rock Hard is a citizen of the State of Florida, where it is incorporated and where it has its principal place of business;

  d. Costa is a citizen of the State of Florida, where it is incorporated and where it has its principal place of business;

  e. Howard and Susan Millian are citizens of the State of Florida, where they are domiciled and where their principal place of residence is located.

7. Venue is proper in this Court, as the Defendants, the Underlying Lawsuit, the Underlying Arbitration, and the allegedly defective construction are all located in Hillsborough, Pasco, or Pinellas Counties, Florida.

8. Penn-America expressly incorporates by reference herein all defenses potentially available to it under the Policies, including, but not limited to, those based

on the following provisions (the provisions of both Policies, other than the policy number and policy period, are identical):

    a.    no claim for "property damage" caused by an "occurrence" during the policy period is alleged in the Underlying Lawsuit;

    b.    no claim for "property damage" caused by an "occurrence" during the policy period "caused, in whole or in part by . . . [Rock Hard's] acts or omissions . . . in the performance of [Rock Hard's] ongoing operations for [Costa]" is alleged in the Underlying Arbitration;

    c.    the business risks exclusions ("damage to property"; "damage to your product"; "damage to your work"; "damage to impaired property or property not physically injured"; and "failure to complete your work") apply to the claims alleged in the Underlying Lawsuit and the Underlying Arbitration;

    d.    the "newly built residential construction" exclusion endorsement applies to the claims alleged in the Underlying Lawsuit and the Underlying Arbitration;

    e.    no written contract exists between Rock Hard and Costa, which is a condition precedent to additional insured coverage; and

    f.    Costa's status as a putative additional insured ended when Rock Hard completed its work on the project.

9. Additional defenses may be disclosed during the course of discovery, and Penn-America reserves the right to assert any and all defenses available to it under the Policy.

10. As a result of the above-detailed defenses, Penn-America owes no duty to defend Rock Hard against the Underlying Lawsuit and no duty to indemnify Rock Hard for any judgment in the Underlying Lawsuit.

11. As a result of the above-detailed defenses, Penn-America owes no duty to defend Costa against the Underlying Arbitration and no duty to indemnify Costa for any award in the Underlying Arbitration.

12. As a result of the foregoing, an actual controversy exists between Penn-America and Rock Hard, Costa, Howard Millian, and Susan Millian concerning the rights and other legal relations arising under the Policies, and this controversy is properly resolved by this Court.

WHEREFORE, Penn-America respectfully requests, prays for, and demands:

A. a judgment declaring Penn-America owes no duty to defend Rock Hard against the Underlying Lawsuit;

B. a judgment declaring Penn-America owes no duty to indemnify Rock Hard for any judgment in the Underlying Lawsuit;

C. a judgment declaring Penn-America owes no duty to defend Costa against the Underlying Arbitration;

D.     a judgment declaring Penn-America owes no duty to indemnify Costa for any award in the Underlying Arbitration; and

E.     that Penn-America be given any and all other relief to which it may be entitled including, but not limited to, attorneys' fees, costs, or other relief to which it may be entitled.

Date: January 16, 2024                    Respectfully submitted,

By:   */s/ Brian P. Henry*_____
Brian P. Henry, Esq. (0089069)
Aaron D. Alfano, Esq. (0083909)
Rolfes Henry Co., LPA
5577 Broadcast Court
Sarasota, FL  32340
T:  (941) 684-0100
F:  (941) 684-0109
E:     bhenry@rolfeshenry.com
E:     aalfano@rolfeshenry.com
E:     kmcclintock@rolfeshenry.com
E:     sburns@rolfeshenry.com

*Attorneys for Plaintiff*
*Penn-America Insurance Company*