UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENN-AMERICA INSURANCE
COMPANY,

      Plaintiff,

v.                          Case No. 8:24-cv-00141-SDM-NHA

ROCK HARD CONCRETE, INC.,
COSTA HOMES, INC., HOWARD
MILLIAN and SUSAN MILLIAN,

      Defendants.
_____/

## **ORDER ON MOTION FOR ENTRY OF CLERK'S DEFAULT**

The Court grants Plaintiff's motion for Entry of Clerk's Default against Rock Hard Concrete, Inc. (Doc. 40).

## Background

Plaintiff Penn-America Insurance Company sues Defendants Rock Hard Concrete, Inc.; Costa Homes, Inc.; and Howard and Susan Millian seeking a declaratory judgment. Doc. 1. Specifically, Penn-America alleges that it has no duty to defend Costa Homes and Rock Hard Concrete in underlying litigation brought by the Millians regarding the construction of their home.[1] *Id*.

---

[1] The complaint originally included a claim to indemnify as well, but the Court dismissed that claim as to Costa Homes and Rock Hard Concrete. Doc. 25.

Penn-America alleges that, on March 7, 2024, it properly served Rock Hard Concrete (Doc. 40, p. 5) and that Rock Hard Concrete has not answered or otherwise demonstrated an intend to defend against the lawsuit (*Id.* at ¶ 3). On May 6, 2024, Penn-America filed a motion for Clerk's default against Rock Hard Concrete. *Id.*

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in which the district court is located or in which service

is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). A domestic corporation may be served with process by service on its registered agent. Fla. Stat. Ann. § 48.081(2).

Here, the return of service demonstrates that Penn-America served Rock Hard Concrete on March 7, 2024, by serving a copy of the summons and complaint on Mark S. Davis at 5940 Fall River Drive, in New Port Richey, Florida, and informing Mr. Davis of the contents of the service. Doc. 40, p. 5. The return of service indicates that Mr. Davis is the registered agent of Rock Hard Concrete. *Id*. Records of the Florida Department of State, Division of Corporations, confirm Mark Davis is the registered agent of Rock Hard Concrete.[2] Thus, by serving the registered agent and informing him of the contents of the service, Penn-America served Rock Hard Concrete in accordance with Section 48.081 of the Florida Statutes.

Rock Hard Concrete had until March 28, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. Fed. R. Civ. P. 12(a)(1)(A). Rock Hard Concrete has not answered Penn-America's

---

[2] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired.

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 40) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant Rock Hard Concrete, Inc.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's Default, apply for the default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

**DONE** and **ORDERED** on May 24, 2024.

*[Signature]*
NATALIE HIRT ADAMS
United States Magistrate Judge